THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

NELSON FREDERICK JONES                                                    PLAINTIFF

v.                                                    CIVIL CASE NO. 4:19-CV-028-RP

COMMISSIONER OF SOCIAL SECURITY                                          DEFENDANT

<u>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT</u>

This matter is before the court on the Plaintiff's Motion to Alter or Amend Judgment

pursuant to Federal Rule of Civil Procedure 59(e).   Docket 20.   A motion to alter or amend a

judgment "must clearly establish either a manifest error of law or fact or must present newly

discovered evidence."   *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990).   After

careful consideration, the court concludes that its reasons for affirming the Commissioner's

decision – announced from the bench at the conclusion of oral arguments – included an error of

law and an error of fact, and therefore the court's judgment and the stated reasons therefore

should be amended accordingly.   Ultimately, however, the court's conclusion that the

Commissioner's decision should be affirmed remains unaltered.   The plaintiff makes three

arguments in his motion to alter or amend, and the court addresses them in turn below.

**A.  The ALJ committed a *Kneeland* violation.**

In *Kneeland v. Berryhill,* the Fifth Circuit held that an ALJ commits reversible error

when failing to address an examining physician's opinion that, if given some weight, would

affect the RFC determination.   850 F.3d 749, 761-62 (5th Cir. 2017).   The plaintiff urges the

court to find a *Kneeland* violation in the instant case with respect to the ALJ's consideration of

the opinions of the non-examining state agency physicians, notwithstanding the fact those

1

physicians did not examine the plaintiff, and notwithstanding the fact the ALJ addressed their

opinions in the decision.   The court will decline to so extend the *Kneeland* holding.   The

plaintiff has failed to establish error in this regard.

### B.   The ALJ erroneously assessed the opinions of the non-examining state agency physicians.

In her decision, the ALJ stated, "As for opinion evidence, I give great weight to the State

agency's opinions, but find that an RFC limiting the claimant to performing medium work with

some exertional limitations is more consistent with the evidence (Exhibits 1A, 2A, 5A, and 6A)."

The plaintiff argues that in assessing him with a medium RFC, the ALJ erroneously discounted

the opinions of the non-examining state agency physicians without stating what those opinions

actually were.   The court previously found this argument unpersuasive, stating from the bench at

the conclusion of oral arguments in this case:

> [I]t is apparent to me that the ALJ recognized that those opinions gave the
> plaintiff a more restrictive RFC than medium, whether it be light or nonsevere.
>
> I think, clearly, the ALJ recognized that those – that state agency's [physicians]
> opined – assessed an RFC more restrictive than medium work.   So I'm satisfied
> that the ALJ was aware of the import of those opinions.

Docket 19 at 21.   However, contrary to this finding of fact, only one state agency physician's

opinion (assessing a light RFC) was more restrictive, whereas the other's opinion (finding no

severe impairments) was less restrictive.   Now appreciating this fact, the court is less certain the

ALJ was aware of the import of the two different state agency physician opinions.

The ALJ's decision does not acknowledge what the substance of each of those opinions

is, other than indicating the two opinions are inconsistent with a medium RFC.   Further, the

exhibits cited by the ALJ do not include the exhibits – 3A and 7A -- containing the agency

physicians' actual opinions.   The ALJ's meager explanation of the weight given to the two

opinions makes it difficult for the court to follow the ALJ's reasoning, and there may be a

question whether the ALJ properly considered those opinions in accordance with 20 C.F.R.

§ 404.1527(e) and SSR 96-6P.   That being said, the court now agrees with the Commissioner

that any such error is harmless given the ALJ's conclusion that the plaintiff could perform her

past relevant work as a general inspector which, as the vocational expert testified, is classified in

the DOT as light work.

The court previously agreed with the plaintiff that the VE erroneously classified the

plaintiff's PRW as that of general inspector under the DOT.   Docket 19 at 22-24.

Notwithstanding the lack of adversarial development of this issue at the administrative hearing,

where the plaintiff was represented by counsel, and notwithstanding the Commissioner's

argument that this alleged error was therefore waived under Fifth Circuit precedent, the court

ruled at the conclusion of oral arguments in this case that the ALJ had an affirmative duty to

identify and resolve the conflict between the VE's testimony and the DOT pursuant to SSR 00-

4P.   The court noted that SSR 00-4P became official policy subsequent to the Fifth Circuit's

decision in *Carey v. Apfel*, which held that

> claimants should not be permitted to scan the record for implied or unexplained
> conflicts between the specific testimony of an expert witness and the voluminous
> provisions of the DOT, and then present that conflict as reversible error, when the
> conflict was not deemed sufficient to merit adversarial development in the
> administrative hearing.

230 F.3d 131, 146–47 (5th Cir. 2000).

However, in a very recent decision, this court closely examined whether the *Carey*

decision remains binding precedent post-SSR 00-4P and concluded that it does.   *Bailey v.*

3

*Commissioner,* No. 4:19-cv-168-RP, ECF No. 17 (N.D. Miss. May 29, 2020). The court also joined a number of other district courts within the Fifth Circuit in holding that at step four, where the claimant retains the burden to establish that he is unable to perform his PRW, a claimant who disagrees with the VE's characterization of his PRW is obligated to raise that issue and press it on cross-examination or else the issue is waived. *Id.* (citing *Martinez v. Berryhill*, No. SA-17-CV-00027-ESC, 2017 WL 8180457, at *7 (W.D. Tex. Nov. 14, 2017); *Griffin v. Colvin*, No. CV G-15-186, 2016 WL 6476994, at *5 (S.D. Tex. Oct. 31, 2016), *judgment entered*, No. CV G-15-186, 2016 WL 6496365 (S.D. Tex. Oct. 31, 2016); *Holland v. Colvin*, No. 3:14–cv–2694–K–BH, 2015 WL 5437727, at *13 n.4 (N.D. Tex. Aug. 31, 2015); *Bryant v. Astrue*, No. 09–1499, 2010 WL 3541097, at *5 (W.D. La. July 30, 2010)). The court's statement to the contrary at the conclusion of oral arguments in this case was error.

At the administrative hearing, the ALJ specifically asked plaintiff's counsel whether he had any objection to a proposed finding that the plaintiff's PRW includes the general inspector job identified by the VE, and plaintiff's counsel stated he did not. The plaintiff may not now present this finding as reversible error. Even if the light RFC assessed by state agency physician Dr. Hand had been adopted by the ALJ, the plaintiff would have been found capable of performing his light PRW of general inspector, and therefore any error in the ALJ's failure to give Dr. Hand's opinion greater weight is harmless. The plaintiff has failed to establish reversible error in this regard.

**C. The ALJ erroneously gave greater weight to the CE's report than to non-examining state agency physician Dr. Hand.**

Here, the plaintiff restates his previous argument that the ALJ should have favored the light RFC assessment of non-examining state agency physician Dr. Hand over the report of

examining physician Dr. Blaylock, who essentially assessed no limitations.   The court remains

of the opinion, as stated at the conclusion of oral arguments in this case, that the ALJ had the

discretion to give more weight to the opinion of Dr. Blaylock, whose opinion is supported by his

examination of the plaintiff and is generally more consistent with the objective medical evidence

in the record.   The court does not reweigh the evidence in the record, and conflicts in the

evidence are for the Commissioner and not the courts to resolve.   *Newton v. Apfel,* 209 F.3d

448, 452 (5th Cir. 2000).   The plaintiff has established no error in this regard.

### Conclusion

The court remains convinced that the Commissioner's decision in this case should be

affirmed, albeit for reasons that differ in some respects to those announced from the bench at the

conclusion of oral arguments.   Therefore, the Plaintiff's Motion to Alter or Amend Judgment is

DENIED.   However, an amended judgment will be entered adopting the modified supporting

reasons discussed herein.

SO ORDERED, this the 10th day of June, 2020.

 /s/ Roy Percy_____
UNITED STATES MAGISTRATE JUDGE